17 F.3d 1433
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dana Ray EDMONDS, Petitioner-Appellee,
v.
Charles E. THOMPSON, Warden, Mecklenburg Correctional
Center, Respondent-Appellant.
v.
Charles E. THOMPSON, Warden, Mecklenburg Correctional
Center, Respondent-Appellee.
 Nos. 92-4011, 92-4012.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 27, 1993.
Decided Feb. 16, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, Roanoke. James C. Turk, District Judge. (CA-89-727-R)
 Thomas Drummond Bagwell, Asst. Atty. Gen., Office of the Attorney Gen., Richmond, VA, for appellant.
 John Steven di Bene, Blumenfeld & Cohen, Washington, DC, for appellee.
 Stephen D. Rosenthal, Atty. Gen., of Virginia, Office of the Attorney Gen., Richmond, VA, for appellant.
 Carl S. Nadler, Jenner & Block, Washington, DC, for appellees.
 W.D.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND PETITION DENIED.
 Before ERVIN, Chief Judge, and HALL and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The warden of Virginia's state penitentiary appeals an order of the district court holding that Dana Ray Edmonds received ineffective assistance of counsel at the sentencing stage and granting his petition for a writ of habeas corpus to the extent of vacating his death sentence. Edmonds cross-appeals the district court's dismissal of his remaining claims. Because we hold that Edmonds did not assert the claim upon which the district court granted relief, we reverse and deny Edmonds' petition.
 
 I.
 
 2
 Following a bench trial, Edmonds was convicted in 1983 of the robbery and capital murder[1] of grocer John Elliott in Danville, Virginia. The court, after finding both statutorily created aggravating factors--"future dangerousness" and "vileness"--to exist in Edmonds' case, sentenced him to death for the murder.[2] However, the court failed to order a presentence report prior to entering judgment on the sentence.[3]
 
 
 3
 Upon Edmonds' motion, the court vacated his sentence, ordered a presentence report, and scheduled a new sentencing proceeding. Despite having previously sentenced Edmonds to die, the judge did not recuse himself from presiding over the second proceeding, and Edmonds did not request recusal. On resentencing, the court reviewed the evidence that had previously been presented, and, after also considering the presentence report and additional psychiatric evidence, once again found both aggravating factors and imposed the death sentence.
 
 
 4
 On direct appeal, the Supreme Court of Virginia affirmed Edmonds' conviction and sentence. Edmonds v. Commonwealth, 329 S.E.2d 807 (Va.1985). The United States Supreme Court denied certiorari. Edmonds v. Virginia, 474 U.S. 975 (1985).
 
 
 5
 In 1986, Edmonds filed a habeas corpus petition in the state trial court, asserting numerous claims. As one ground in support of his claim of ineffective assistance of counsel, Edmonds alleged that "counsel failed to challenge the trial [c]ourt's imposition of the death sentence without finding the existence of an aggravating circumstance beyond a reasonable doubt, and without finding the essential elements of future dangerousness."[4]
 
 
 6
 The state trial court dismissed Edmonds' petition, and he appealed to the Supreme Court of Virginia. With regard to the ineffective assistance claim, Edmonds argued before that court as he had argued below, complaining that counsel "inexplicably chose not to challenge the Circuit Court's final sentencing order, which not only applied the wrong burden of proof, but also ignored critical statutory elements of the aggravating circumstance on which it relied to impose the death penalty." Edmonds did not persuade the court; it denied his petition.
 
 
 7
 Pursuant to 28 U.S.C. Sec. 2254, Edmonds petitioned the district court for relief. There, among his other claims, Edmonds argued once more that he
 
 
 8
 did not receive effective assistance of counsel because trial counsel failed to object to the trial court's sentencing order which both held the Commonwealth to [a] standard of proof lower than mandated by the Virginia death penalty statute and failed to find the essential elements of the future dangerousness prong.
 
 
 9
 In a memorandum opinion, the district court "liberally construed" Edmonds' claim that counsel should have objected to the content of the final sentencing order, finding "inherent" within it a claim that counsel should have moved to recuse the trial judge after he had already sentenced Edmonds to death without a presentence report. Holding that Edmonds' "claim" had not been adequately developed during the state habeas proceedings, the district court referred the matter to a magistrate judge for an evidentiary hearing.
 
 
 10
 The magistrate judge issued a "Report and Recommended Disposition," evaluating counsel's performance under the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). In his report-recommendation, the magistrate judge found that counsel's performance was objectively deficient because he failed to move to recuse the trial judge from the resentencing proceedings, and that, but for counsel's unprofessional error, a reasonable probability existed that Edmonds would not have been sentenced to death. The magistrate judge therefore concluded that the habeas petition should be granted.
 
 
 11
 On August 31, 1992, the district court adopted the findings of the magistrate judge in their entirety, vacated Edmonds' death sentence, and ordered the state to either reduce Edmonds' sentence to life imprisonment or conduct a new sentencing procedure within 180 days. The district court granted the warden's motion staying its order pending this appeal.
 
 II.
 
 12
 It is axiomatic that we cannot grant habeas relief based upon a claim that has not been asserted. The plain, reasonable, and, indeed, only meaning of Edmonds' claim is that counsel was ineffective for failing to object to the content of the sentencing order. To perceive in it a claim that counsel was ineffective for failing to move to recuse the trial judge is to force Edmonds' words to bear more meaning than they are capable of bearing.[5] Because the district court granted Edmonds' petition based solely on a claim that was not before it, its judgment must be reversed.
 
 III.
 
 13
 On cross-appeal, Edmonds contends that the district court erred in dismissing his remaining claims. The court found no merit in the other grounds Edmonds has alleged in support of his claim of ineffective assistance of counsel, and likewise found the evidence sufficient to prove that Edmonds murdered Elliott in the commission of a robbery. Edmonds also appeals the district court's refusal, by reason of procedural bar, to consider various other claims contained in his petition. He argues that consideration of these claims is mandated because he is "actually innocent" of the death sentence, see Dugger v. Adams, 489 U.S. 401, 410 n. 6 (1989), and its imposition in his case would therefore be a "fundamental miscarriage of justice." Id. Upon a review of the record, we can ascertain no error committed by the district court with regard to the cross-appeal issues, and we affirm its judgment on the reasoning contained in its memorandum opinion.
 
 IV.
 
 14
 The district court's decision to grant Edmonds' petition is reversed. The judgment of the district court is affirmed with respect to the issues contained in Edmonds' cross-appeal, and Edmonds' petition for relief under 28 U.S.C. Sec. 2254 is denied.
 
 
 15
 AFFIRMED IN PART, REVERSED IN PART, AND PETITION DENIED
 
 
 
 [1]
 Va.Code Ann. Sec. 18.2-31 (Michie 1992) limits the death penalty to defendants convicted of "capital murder," which is a "willful, deliberate, and premeditated killing" committed in certain situations, generally involving the commission of other, specified crimes. Edmonds was convicted of violating Sec. 18.2-31(4), intentionally killing Elliott "in the commission of robbery ... while armed with a deadly weapon."
 
 
 [2]
 Virginia law permits the imposition of a capital sentence only upon proof beyond a reasonable doubt that the accused would either "commit criminal acts of violence that would constitute a continuing serious threat to society" (the "future dangerousness" aggravating factor) or "that his conduct in committing the offense was outrageously or wantonly vile, horrible or inhuman" (the "vileness" aggravating factor). Va.Code Ann. Sec. 19.2-264(4)(C) (Michie 1992). The latter is present if the act of murder involved torture, depravity of mind, or aggravated battery to the victim. Id. The court found that Edmonds committed an aggravated battery, in that he fractured Elliott's skull with a brick, dragged him behind the meat counter of his store, slit his throat, and stabbed him in the neck with a butcher knife, twisting the knife and severing his carotid artery
 
 
 [3]
 The purpose of the presentence report, required by Va.Code Ann. Sec. 19.2-264(5) (Michie 1992) to be obtained before imposing a death sentence, is to fully investigate any relevant facts, including the defendant's history, that might justify setting aside the death sentence in favor of imprisonment for life
 
 
 [4]
 The court stated in its final sentencing order that "the evidence clearly establishes that the crime was one of violence and that the defendant poses a high probability for future dangerousness." The court may have inadvertently substituted the word "violence" for "vileness." The court also did not state explicitly in its order that it found either vileness or future dangerousness beyond a reasonable doubt. Trial counsel did not object to the order, because, as he testified at the state habeas proceeding, he "had no doubt" that the court had strictly followed the statutory requirements, and "had no question" that it was aware of and applied the correct standard of review. The Supreme Court of Virginia, on direct appeal, held the evidence sufficient to support a finding of both vileness and future dangerousness
 
 
 [5]
 Because Edmonds' claim of ineffective assistance based upon his counsel's failing to object to the content of the sentencing order was phrased nearly identically in his state and federal petitions, it follows that he did not raise the "failure to request recusal" ground at his state proceedings. Therefore, even had the district court granted Edmonds leave to amend his petition to include the latter claim, it would have had to dismiss the petition as containing unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 510 (1982)